UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD COOPER,

        Plaintiff,

v.                                        CASE NO. 05-CV-72327-DT
                                          HONORABLE MARIANNE O. BATTANI

JENNIFER M. GRANHOLM,

        Defendant.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

This is a civil rights action for monetary and injunctive relief under 42 U.S.C. § 1983. Plaintiff James Edward Cooper is confined at the Center for Forensic Psychiatry in Ann Arbor, Michigan.  He has been granted leave to proceed without prepayment of the filing fee and costs for this action.  The defendant is Jennifer M. Granholm, Governor of the State of Michigan. Plaintiff sues Governor Granholm in her individual and official capacities.

This action apparently arose from a criminal prosecution in state court.  The complaint alleges that the state court repeatedly denied Plaintiff due process of law by arresting him on three occasions and appointing counsel, who advanced a plea of not guilty by reason of insanity. When Plaintiff refused to accept the plea, his attorney allegedly stated that Plaintiff was unable to assist in his defense and was incompetent to stand trial.  Plaintiff subsequently was admitted involuntarily to the Center for Forensic Psychiatry.

Plaintiff contends that his court-appointed attorney should be terminated because the

attorney is biased, operates under a conflict of interest, has not conferred with Plaintiff, and is unable to present a defense in Plaintiff's behalf.  Plaintiff further alleges that two bus drivers gave a false account of the underlying incident.

Plaintiff seeks money damages.  He also seeks to have the Court prosecute Governor Granholm, the judge who presided over the state criminal matter, the attorney who was appointed to represent Plaintiff in the state case, and two bus drivers, who allegedly made frivolous assertions resulting in Plaintiff's present confinement.

## II. Discussion

To successfully establish a *prima facie* case under § 1983, the plaintiff must prove that the defendant acted under color of state law and deprived the plaintiff of rights secured by federal law.  *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  Federal district courts must screen an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee to determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) ("A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6) 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

*Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's allegations are frivolous and fail to state a claim because they challenge his present confinement at the Forensic Center. A civil rights action under § 1983 is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Furthermore, "[t]he *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings." *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (citing *Younger v. Harris*, 401 U.S. 37, 37-38 (1971)). Abstention is appropriate here because there is an ongoing state proceeding, which implicates important state interests, and because Plaintiff has available an adequate opportunity in state court to raise his constitutional claims. Plaintiff has no right to the injunctive relief he seeks because neither federal courts, nor a private citizen, can compel a criminal prosecution. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that "a private citizen has no authority to initiate a federal criminal prosecution").

Finally, Plaintiff has not shown that Governor Granholm had any involvement in the matters at issue. "It is well settled that a pleading fails to state a claim under § 1983 if the allegations are merely conclusory and lack factual specificity." *Davis v. Michigan Dep't of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990) (Zatkoff, J.) (citing *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971)); *see also Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (stating that "damage claims against governmental officials alleged to

arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original).  The pending complaint fails to allege any facts about Governor Granholm, and her general executive power is too attenuated to establish that she is responsible for the events in question.

### III.  Conclusion

The pending complaint is frivolous and fails to state a claim.  Accordingly, Plaintiff's complaint is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

Dated: July 15, 2005